UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21351-Civ-COOKE/TORRES

MARCOS ANTONIO RIVAS,

    Plaintiff,

vs.

LEVINE LAW GROUP f/k/a JAY STEVEN
LEVINE LAW GROUP; ISLANDS AT DORAL
MASTER ASSOCIATION, INC.; FIRST
SERVICE RESIDENTIAL, INC.; GABLES
PROFESSIONAL MANAGEMENT CO.;
ANTILLES AT ISLANDS AT DORAL
NEIGHBORHOOD ASSOCIATION INC.;
FLORIDO LAW GROUP f/k/a FLORIDO &
FLORIDO P.A.; HOBEL FLORIDO; DAVID
DIESTEL; GENE GOMBERG; MICHAEL
NATALE; DOUGLAS G. COOKE; JOHN B.
FRIEDRICHSEN; SCOTT D. PATTERSON,

    Defendants.
_____/

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Marcos Antonio Rivas ("Plaintiff" or "Mr. Rivas"), proceeding *pro se*, initiated an action against Levine Law Group f/k/a Jay Steven Levine Law Group ("Levine Law Group"), Islands at Doral Master Association, Inc. ("Islands at Doral"), Gables Professional Management Co. ("Gables Professional Management"), Antilles at Islands at Doral Neighborhood Association Inc. ("Antilles"), Florido Law Group f/k/a Florido & Florido P.A. ("Florido Law Group"), Hobel Florido, First Service Residential, Inc. ("First Service"), and various employees of First Service alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and Florida Statute 720.303, as well as for breach of fiduciary duty. Defendants individually filed Motions to Dismiss Plaintiff's Complaint (ECF Nos. 27, 30, 31, 65), arguing that Plaintiff has failed to state a claim upon which relief can be granted.[1]

---

[1] Defendants First Service Residential, Inc., David Diestel, Gene Gomberg, Michael Natale, Douglas G.

Plaintiff filed his Responses to Defendants' multiple Motions to Dismiss (ECF Nos. 62, 70), to which Defendants Levine Law Group, Gables Professional Management, Antilles, and Islands at Doral filed their Replies in support of their Motions to Dismiss (ECF Nos. 64, 68, 72). As such, Defendants' Motions to Dismiss are fully briefed and ripe for adjudication. After reviewing Defendants' Motions to Dismiss, the Responses and Replies thereto, the record, and relevant legal authorities, Defendants' Motions to Dismiss Complaint are granted.

## I. BACKGROUND

A broad reading of Plaintiff's Complaint discloses the following details. Plaintiff Marcos Antonio Rivas, a "'consumer/debtor,'" owns property located at 8145 N.W. 108th Avenue, Miami, Florida 33178. Compl. ¶¶ 2-3. He alleges that Defendants sought to collect on a debt "arising from an alleged debt incurred by [him] for personal, family, or household purposes; more specifically, the debt at issue was allegedly incurred on a Home Owner's Association secured by the plaintiff's home." *Id.* at ¶ 23. According to Plaintiff, Defendant Florida Law Group holds itself out as the attorney and/or agent for Defendants First Service, Gables Professional Management, and Antilles. *Id.* at ¶ 7. Similarly, Defendant Levine Law Group is alleged to be the attorney and/or agent for Defendants Islands at Doral and First Service. *Id.* at ¶ 10.

Plaintiff alleges that Defendants First Service and its employees "conspired to take [from him] more than $58,775.00 illegally collected from rents for their [own] use" and "failed to pay excess sums allegedly owed to [Islands at Doral]". *Id.* at ¶ 33. Consequently, there were no funds available to pay homeowner's association fees due to Defendant Gables Professional Management, who subsequently billed Plaintiff $459.63. *Id.* at ¶ 34. Plaintiff alleges that the parties now claim that the expenses incurred in administering his property amount to over $45,078.27. *Id.* Citing to "the estoppel and Unit General Ledger," Plaintiff alleges that Antilles is due $125.00 per month but "has already received $9,106.15 from January 1, 2010 to March 12, 2015." *Id.* at ¶ 36. Similarly, Defendant Islands at Doral "received $7,200.00 from January 1, 2010 to March 12, 2015" so it is "unclear how there can be any outstanding balance since the unit is allegedly rented for at least $1,800.00 per

---

Cooke, John B. Friedrichsen, and Scott D. Patterson have not filed responsive pleadings in this matter.

month." *Id.* Due to a lack of available funds to pay Defendant Islands at Doral, it engaged in collection activity against Plaintiff. *Id.* at ¶ 37.

Plaintiff, confused as to how much money, if any, he owed, attempted to inspect Defendants' books and records. *Id.* at ¶¶ 38-39. However, Plaintiff alleges that Defendants did not comply with his request to inspect their books and records, in violation of Florida law. *Id.* at ¶ 40. Additionally, Plaintiff alleges that Defendants owed him a fiduciary duty and "acted *ultra vires*" by "making unwarranted or improper attempts to collect a debt and failing to abide by the Homeowner's Association Contract." *Id.* at ¶ 43-44. In refusing to send Plaintiff notices, yearly escrow statements, statements of amounts owed, or a refund for excess amounts owed, Plaintiff alleges that Defendants "continued in their collection action … sending dunning, false and/or misleading/deceptive demand letter(s)." *Id.* at ¶¶ 51-52. Defendants participated in separate foreclosure proceedings involving Plaintiff's property even though Plaintiff alleges that they were in possession of funds that would have more than covered any alleged debt owed to Defendant Islands at Doral. *Id.* at ¶¶ 53-55.

As a result, Plaintiff initiated proceedings against Defendants alleging violations of the FDCPA (Count I), FCCPA (Count II), and Florida state law regarding the inspection of an association's books and records (Count III) and breach of fiduciary duty (Count IV).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true and accept all reasonable inferences therefrom. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Additionally, although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III.   DISCUSSION

Plaintiff alleges violations of the FDCPA, the FCCPA, Fla. Stat. 720.303, and breach of fiduciary duty under Florida law. Defendants have moved to dismiss all claims. I will address Defendants' arguments in turn.

#### A. Count I: FDCPA

The FDCPA prohibits a "debt collector" from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In order to state a claim under the FDCPA, a plaintiff must allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant is engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000).

Plaintiff alleges that Defendants Levine Law Group and Florido Law Group "knowingly, intentionally and deliberately" violated the following provisions of the FDCPA: 15 U.S.C. § 1692d; 1692e; 1692e(2); 1692e(5); 1692e(10); 1692e(11); 1692f; 1692f(1); 1692f(6); and 1692g. Compl. ¶ 67. In their Motions to Dismiss, Defendants make various arguments in support of their position that Plaintiff has failed to state a claim under the FDCPA upon which relief can be granted. Defendant Levine Law Group admits that it serves as counsel for Islands at Doral in a state court lawsuit against Plaintiff wherein a Final Judgment of Foreclosure was entered against Plaintiff on December 17, 2014. Def.'s

Mot. Dismiss, ECF No. 27. However, Defendant Levine Law Group argues that Plaintiff has failed to state a claim against it under the FDCPA because Plaintiff has failed to provide any facts to support his "laundry list" of conclusions and "formulaic recitations of behaviors necessary to find an FDCPA violation." *Id.* at 4. Defendant Levine Law Group also argues that Plaintiff's Complaint should be dismissed completely as to Defendant Jay Levine as he has not properly served with the Summon and Complaint, and that in the alternative, at a minimum this Court should grant its motion for a more definite statement.

Defendants Gables Professional Management and Antilles argue that Plaintiff merely recites the statutory language of the FDCPA without providing any detailed factual allegations. Defs.' Mot. Dismiss, ECF No. 30. Defendants Gables Professional Management and Antilles also argue that they are not "debt collectors" and that Plaintiff has failed to include necessary parties in violation of Fed. R. Civ. P. 19. *Id.* at 3, 10. Defendants Florido Law Group and Hobel Florido acknowledge that they serve as legal counsel to Defendant Antilles but move to dismiss Plaintiff's claims under the FDCPA because they did not act as debt collectors with regard to Plaintiff's property, Plaintiff's improper pleading fails to make any detailed allegations against them, and Plaintiff failed to include a necessary party in violation of Fed. R. Civ. P. 19. Defs.' Mot. Dismiss, ECF No. 31.

I agree with Defendants that Plaintiff has failed to state a claim under the FDCPA upon which relief can be granted. Plaintiff's Complaint is a jumble of minimal facts and multiple conclusions. A fair reading of Plaintiff's Complaint alone does not provide enough factual information to indicate how Plaintiff's rights under the FDCPA were violated. Plaintiff merely asserts legal conclusions regarding his status as a consumer and Defendants' status as debt collectors, and restates the statutory language of the FDCPA without pleading sufficient facts to support these legal conclusions. Plaintiff's Responses to Defendants' Motions to Dismiss provide more context regarding the allegations in Plaintiff's Complaint, but Plaintiff cannot rely on arguments and allegations made in his briefing in place of the allegations contained in his Complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in

opposition to a defendant's motion to dismiss.") (emphasis in original).

After fully reading through Defendants' multiple Motions to Dismiss as well as Plaintiff's Responses, it appears as though the alleged debt complained of accrued as a result of Plaintiff's non-payment of association fees. As a result, Defendants filed a lien of foreclosure on Plaintiff's property in Florida state court. While condominium assessments and analogous fees have been held to constitute debts under the FDCPA, *see Williams v. Edelman*, 408 F. Supp. 2d 1261, 1266-67 (S.D. Fla. 2005), Plaintiff has not provided any factual allegations involving any of the Defendants regarding their attempts to collect past due fees. It appears as though foreclosure proceedings were initiated in Florida state court as a result of past-due condominium fees, but Plaintiff has not referenced or attached any specific communications he received from Defendants to demonstrate that they improperly attempted to collect a debt. Plaintiff references exhibits in his Complaint, but has failed to actually attach any exhibits or documents in support of his allegations.

Aside from the numerous pleading insufficiencies described above, Plaintiff has failed to meet his prima facie burden under the FDCPA. He has failed to demonstrate that the Defendants are "debt collectors" under the FDCPA. The FDCPA defines a "debt collector" as any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Supreme Court has interpreted this definition to include lawyers who regularly try to obtain payment of consumer debts through legal proceedings. *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) ("[A] lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts."). However, the statute exempts "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement [or] concerns a debt which was not in default at the time it was obtained by such person." *Id.* at § 1692a(6)(F).

Plaintiff named only Defendants Levine Law Group and Florido Law Group in Count I of his Complaint. However, he addresses his debt collection claims to all named

Defendants in his factual recitation. Thus, almost all Defendants, with the exception of Defendant Islands at Doral, addressed Plaintiff's FDCPA claims in an abundance of caution. It is clear that Defendants Islands at Doral and Antilles cannot be considered "debt collectors" under the FDCPA. As condominium associations, their principal business purpose is not to collect debts. With regard to Defendant Gables Professional Management, courts have held that property management companies are also not "debt collectors" within the meaning of the term in the FDCPA as they have not only a right, but a fiduciary obligation to collect fees from association members. *See Madura v. Lakebridge Condo. Ass'n Inc.*, No. 8:07-cv-02274-T-17EAJ, 2009 WL 536537, at *3 (M.D. Fla. Mar. 3, 2009) (citing *Reynolds v. Gables Residential Servs., Inc.*, 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006)). Finally, as to Defendants Levine Law Group and Florido Law Group, Plaintiff has not sufficiently alleged that they were acting as debt collectors here. While both law firms have admitted to serving as legal counsel to Islands at Doral and Antilles respectively, Plaintiff does not make any specific allegations regarding their debt collection activities. Plaintiff simply alleges that Defendants Levine Law Group and Florido Law Group "are debt collectors as defined by the FDCPA."

     As a result, even taking the facts in Plaintiff's Complaint in the light most favorable to the nonmoving party, Plaintiff has failed to sufficiently plead a cause of action under the FDCPA. Plaintiff's confusing factual assertions, his wholesale inclusion of all Defendants in all aspects of his Complaint, and his bare recitation of the legal elements of a claim under the FDCPA are not sufficient under the standards set forth in *Twombly* and *Iqbal*. Therefore, Plaintiff's FDCPA claim is dismissed without prejudice.

    **B. Counts II, III, and IV**

     Having dismissed Plaintiff's FDCPA claim, I decline to exercise supplemental jurisdiction over Counts II, III, and IV of Plaintiff's Complaint, which involve claims brought pursuant to Florida law. 28 U.S.C. § 1367(c)(3). Therefore, Counts II, III, and IV are dismissed without prejudice.

## IV. CONCLUSION

     For the reasons explained in this Order, Defendants' Motions to Dismiss (ECF Nos. 27, 30, 31, 65) are **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without*

*prejudice*.  The Clerk shall **CLOSE** this case.[2]  All pending motions, if any, are **DENIED** *as moot*.

 **DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of August 2015.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge


Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*
*Marcos Antonio Rivas, pro se*

---

[2] Although Defendants First Service Residential, Inc., David Diestel, Gene Gomberg, Michael Natale, Douglas G. Cooke, John B. Friedrichsen, and Scott D. Patterson have not filed any case dispositive motions in this matter, Plaintiff has failed to effect timely service of process on them, and the time to do so has expired. Plaintiff has also failed to timely serve Jay Levine, an attorney with Defendant Levine Law Group.  Although not named as a Defendant, Mr. Levine is specifically referenced in the allegations in the Complaint. Therefore, as a result of Plaintiff's failure to effect timely service on the abovenamed Defendants, this matter may be dismissed as to all Defendants.